# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

_____

| | |
|---|---|
| JESSE R. GILSDORF, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-CV-3405 |
| ) | |
| ATTORNEY REGISTRATION AND ) | |
| DISCIPLINARY COMMISSION OF ) | |
| THE SUPREME COURT OF ILLINOIS, ) | |
| and JEROME LARKIN, in his official ) | |
| capacity as administrator of the Attorney ) | |
| Registration and Disciplinary Commission, ) | |
| ) | |
| Defendants. ) | |

## OPINION

Plaintiff, Jesse R. Gilsdorf, filed his Complaint (#1) on December 9, 2013. The complaint alleged that Defendants violated the constitutional guarantees of free speech, due process, and effective assistance of counsel. On March 19, 2014, Defendant Jerome Larkin filed a Motion to Dismiss (#10), on behalf of himself and Defendant Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (ARDC). Plaintiff filed his Response (#14) to the motion to dismiss on April 21, 2014. This court has carefully reviewed the arguments of the parties as well as the facts and allegations found in Plaintiff's Complaint (#1). For the following reasons, Defendants' Motion to Dismiss (#10) is GRANTED.

BACKGROUND

On February 6, 2012, Defendant Larkin, as Administrator for Defendant ARDC, filed a two-count attorney disciplinary complaint against Plaintiff. The complaint alleged misconduct in Plaintiff's representation of a criminal defendant. Specifically, the complaint stated that

Plaintiff posted a video, provided by the state, of his client's alleged drug delivery on the internet prior to trial and without his client's consent.

At an evidentiary hearing before an ARDC Hearing Board, Plaintiff argued that posting of the video was protected speech under the First Amendment to the United States Constitution. At the conclusion of the hearing, the Hearing Board recommended that Plaintiff's law license be suspended for five months. Plaintiff appealed the decision to the Review Board. Again, Plaintiff argued that posting the video was protected speech under the First Amendment. The Review Board concurred in the Hearing Board's recommendation that Plaintiff's law license be suspended for five months. Thereafter, Plaintiff filed a petition before the Illinois Supreme Court. The petition argued, among other things, that the application by the ARDC of the Illinois Supreme Court rules violated the First Amendment and that Plaintiff's due process rights were violated when the ARDC brought up uncharged allegations during a hearing.

On March 14, 2014, The Illinois Supreme Court entered a final order denying Plaintiff's petition. The court also ordered Plaintiff's law license be suspended for five months, as recommended by both the Hearing Board and Review Board.

## COMPLAINT

On December 9, 2013, Plaintiff filed a Complaint (#1) with this court. The complaint contained three counts. Count One alleged that the enforcement of the Illinois Supreme Court Rules by the ARDC violated the constitutional protection of free speech because the rules were not enforced against governmental actors and because the enforcement of the rules was unconstitutional. Count Two alleged that Plaintiff's due process and fair trial rights were violated when the ARDC attempted to sanction him for matters that were dropped prior to and

2

during the hearing and for matters the ARDC knew to be false. Count Three alleged that by sanctioning Plaintiff, the ARDC threatens the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. Based on these violations, Plaintiff requested injunctive and declaratory relief.

MOTION TO DISMISS

Defendants' filed their Motion to Dismiss (#10) on March 19, 2014. The motion argued that Plaintiff's complaint should be dismissed because: (1) this court lacks subject matter jurisdiction; (2) the ARDC is not a person amenable to suit under 42 U.S.C. § 1983; (3) Plaintiff is barred by the Eleventh Amendment from bringing this suit against Defendant Larkin; and (4) the complaint does not state a claim for which relief can be granted. Plaintiff filed his Response (#14) to the motion on April 21, 2014. The motion is fully briefed and ready to be ruled on.

ANALYSIS

Defendants argue, among other things, that this court lacks subject matter jurisdiction to decide this case. At the onset of every case, this court must determine whether it has subject matter jurisdiction over the claims before it. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 94-95 (1998). If this court determines that it does not have jurisdiction over a claim, that claim must be dismissed. See *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 607 (7th Cir. 2013).

Here, Defendants argue that Plaintiff's complaint is simply an attempt to have this court review the decision of the ARDC and the Illinois Supreme Court. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review judicial decisions of state courts. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity*

*trust Co.*, 263 U.S. 413, 415 (1923). Importantly, the Seventh Circuit has held that Illinois attorney disciplinary proceeding are judicial in nature. *Levin*, 74 F.3d at 766. Therefore, absent specific authorization by Congress, a litigant cannot obtain collateral review of an ARDC decision in federal district court. *Levin v. Attorney Registration and Disciplinary Com'n of Supreme Court of Illinois*, 74 F.3d 763, 766 (7th Cir. 1996).

A claim can be considered a collateral attack even if it was not argued in the state judicial proceeding. *Feldman*, 460 U.S. at 483-84. In order to determine if a claim is merely seeking collateral review, the court must ascertain whether the claim is "inextricably intertwined" with a state court decision. *Feldman*, 460 U.S. at 483-84 n. 16. The underlying inquiry in determining whether a claim is barred by the *Rooker-Feldman* doctrine is "whether 'the district court is in essence being called upon to review the state-court decision.'" *Levin*, 74 F.3d at 766, quoting *Feldman*, 460 U.S. at 483-84 n. 16.

Here, this court reads all three counts in Plaintiff's complaint as requesting a review of Illinois' decision to suspend Plaintiff's law license. Just like in *Levin*, here, all of Plaintiff's claimed injuries stem from the application of allegedly unconstitutional Illinois Supreme Court Rules to his disciplinary proceedings. Plaintiff has failed to allege any injury independent of those claimed in the ARDC hearings and the Illinois Supreme Court's decision to suspend his license. Further, this court finds that Plaintiff has simply contested his disciplinary proceedings, instead of offering a general challenge to the Illinois Supreme Court Rules at issue in his suspension. See *Feldman*, 460 U.S. at 486-87; *Levin*, 74 F.3d at 767. Therefore, this court finds that Plaintiff's claims are "inextricably intertwined" with the state's decision to suspend his license. As such, Plaintiff's complaint amounts to an impermissible collateral attack of the

4

Illinois Supreme Court's judgment in federal district court. See *Levin*, 74 F.3d at 767.

Based on the foregoing, this court finds that it does not have jurisdiction over any of the counts found in Plaintiff's complaint. Therefore, Defendants' Motion to Dismiss (#10) is GRANTED and Plaintiff's complaint is dismissed in its entirety. In dismissing the complaint, this court notes that Plaintiff is not entitled to any injunctive or declaratory relief.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion to Dismiss (#10) is GRANTED.

(2) Plaintiff's Complaint (#1) is dismissed for lack of jurisdiction.

(3) This case is terminated.

ENTERED on this 14th day of July, 2014

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE